**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                   Case No:  **6:18-cv-283-Orl-22GJK**

**RANDOLPH HEMMERLE,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**I. FACTUAL BACKGROUND**

On February 26, 2018, Plaintiff filed a complaint seeking to reduce to judgment Defendant's federal income tax liabilities for the 2006 tax year. Doc. No. 1; Doc. No. 11 at 1. On March 6, 2018, United States District Judge Anne C. Conway ordered the parties to "conduct a case management conference no later than [forty-five] days after service upon or appearance by" Defendant. Doc. No. 3 at 2-3. On March 29, 2018, Plaintiff's counsel sent an email informing Defendant that the parties are required to hold a case management conference before April 20, 2018 and asking whether Defendant would agree to a request to extend the deadline to hold the case management conference. Doc. No. 11 at 1. Defendant never responded to the email. *Id.* at 2. Defendant, however, filed an answer to Plaintiff's complaint on April 6, 2018. Doc. No. 7.

From April 10, 2018 to May 4, 2018, Plaintiff's counsel made multiple attempts to hold a case management conference with Defendant. Doc. No. 11 at 2-3. Defendant, however, refused to discuss any case management deadlines until he had obtained counsel. *Id*. On May 8, 2018, Plaintiff filed a motion seeking leave to file a unilateral case management report. Doc. No. 11.

On May 18, 2018, the undersigned ordered Defendant to appear before the Court and to show cause as to why sanctions, including entry of clerk's default, should not be imposed for his refusal to discuss case management deadlines and to comply with Court orders. Doc. No. 12 at 3. The undersigned warned Defendant that his "[f]ailure to appear at the hearing may result in such sanctions being imposed without further notice." *Id.*[1] On May 30, 2018, the undersigned held the show cause hearing, but Defendant failed to appear.

## II.   APPLICABLE LAW

Federal Rule of Civil Procedure 16(f)(1) provides:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2) (A)(ii)-(vii), if a party or its attorney:
>
>> (A) fails to appear at a scheduling or other pretrial conference
>>
>> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>>
>> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1). Rule 37(b)(2)(A)(ii)-(vii) provides the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[1] The undersigned also informed Defendant that "he is a party to this case, and his desire to seek representation is not an excuse to delay these proceedings." Doc. No. 12 at 2.

Fed. R. Civ. P. Rule 37(b)(2)(A)(ii)-(vii). Thus, when a party fails to attend a case management conference or fails to obey a pretrial order, the Court is permitted to impose a number of sanctions under Rule 16(f), including striking a party's pleadings and entering clerk's default. *See id.* The Eleventh Circuit has stated that such a severe sanction is necessary "only if noncompliance is due to willful or bad faith disregard of court orders and the court finds lesser sanctions would not suffice." *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1543 (11th Cir. 1985) (internal citations omitted).

### III.   ANALYSIS

A sanction of entry of clerk's default is warranted in this case because of Defendant's willful refusal to comply with Court orders. As noted above, the Court ordered the parties to hold a case management conference within forty-five days of Defendant being served. Doc. No. 3 at 2-3. Plaintiff has made multiple attempts to contact Defendant, but he refused to meet and confer regarding case management deadlines. Doc. No. 11 at 2-3. The Court ordered Defendant to appear in person and to show cause as to why he has refused to attend a case management conference. Doc. No. 12. Defendant, however, failed to appear at the show cause hearing. Furthermore, no lesser sanction other than default will suffice. Defendant has refused to participate in this case and has failed to respond to Court orders. Given the foregoing, there is no other sanction that would ensure Defendant's compliance. *See Pickett v. Exec. Preference Corp.,* No. 6:05–cv–1128–Orl–31DAB, 2006 WL 2947844, at *2 (M.D. Fla. Oct. 16, 2006) ("As it is plain that [the defendant] ... has abandoned its defense and has failed to comply with a Court Order ... [the Court will] strike its pleadings, and enter a default against it. Absent any indication that [it] intends to participate in this case, no lesser sanction will suffice."). Accordingly, it is recommended that the Court strike Defendant's answer and direct the Clerk to enter clerk's default pursuant to Rule 16(f).

IV.    **CONCLUSION**

Considering the foregoing, it is **RECOMMENDED** that the Court:

1) **STRIKE** Defendant's answer (Doc. No. 7); and

2) **DIRECT** the Clerk to enter clerk's default against Defendant; and

3) **DIRECT** Plaintiff to file a motion for default judgment within sixty days after the Clerk enters default; and

4) **DENY AS MOOT** Plaintiff's Motion for Leave to File a Unilateral Case Management Report (Doc. No. 11).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 31, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy
Unrepresented Party[2]

---

[2] The Clerk is directed to send copies of this Report and Recommendation to Mr. Hemmerle's mail address and his email. Mr. Hemmerle's email is found in page one of his answer. Doc. No. 7 at 1.